Booker v. Stevenson.

CASE 10—PETITION FOR MANDAMUS—MAY 15.

8bu 39
105  55

# Booker v. Stevenson.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. FEES FOR RECLAIMING FUGITIVES FROM JUSTICE UNDER A REQUISITION FROM THE GOVERNOR MAY BE WAIVED BY THE AGENT OF THE STATE.—By act of February 17, 1858 (1 Stanton, 559), the agents of the state appointed for such purposes are allowed to receive, as compensation for their services, mileage at the rate of twelve and a half cents per mile for the distance they may be required to travel, and such fees and necessary expenses as they may have to expend in reclaiming and transporting the fugitive.

   These claims are to be allowed by the governor, and paid by the treasurer upon the warrant of the auditor.

2. In a proceeding by mandamus to compel the governor to allow such claims, the governor can not be regarded as in default for refusing to allow a claim which embraced any illegal or unauthorized charge.

3. The agent for the state could not create a charge of four dollars against the state by paying to the assistant secretary of state, without authority of law, that amount for issuing the commission and requisition.

   The fees authorized by the act to be paid by the agent are such as can be lawfully collected by the officers of the state in which the fugitive may be arrested.

4. "THIS ARREST TO BE MADE FREE OF CHARGE TO STATE OF KENTUCKY" being written by direction of the governor upon the face of the commission in this case appointing the agent for the state,

and the same being applied for and received by such agent upon the condition expressed in said writing—*Held*,

The governor had a right to issue the commission upon the condition expressed, and the acceptance of the commission by the agent subject to that condition was a waiver of his rights to claim compensation under the statute aforesaid. *Mandamus refused.*

THOS. E. BRAMLETTE, 
T. N. & D. W. LINDSEY, } . . . . . . For Appellant,

CITED

Revised Statutes, 1 Stanton, 559, 560.

JOHN RODMAN, Attorney-General, . . . For Appellee,

CITED

Revised Statutes, 1 Stanton, 71, 569, 374.
Tapping on Mandamus, 58.
1 Wendell, 318, People v. Brooklyn.
18 Howard, 307, *Ex parte* Wills.
10 Johnson, 484.    2 Leigh, 165.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

This was a proceeding to obtain a writ of mandamus to compel the governor to allow an account against the commonwealth in favor of appellant Booker for his services, and also for the fees and necessary expenses incurred by him, as agent of the state in reclaiming a fugitive from justice, under a requisition made upon the executive of Missouri by the governor of this state.

The application was resisted upon the ground that Booker agreed in writing, at the time the requisition was issued (which was done upon his application), that the commonwealth should not be held liable for any part of the expenses incurred in the reclamation of the fugitive. We do not deem it necessary, however, upon this appeal to determine the sufficiency of that defense. *

---

* This question is decided against the claim of the agent of the state in the response of the court to the petition for a rehearing, which follows immediately after this opinion.—REPORTER.

Booker v. Stevenson.

By an act approved February 17, 1858 (1 Stanton's Revised Statutes, 559), the agents of the state appointed for such purposes are allowed to receive as compensation for their services mileage at the rate of twelve and a half cents per mile for the distance they may be required to travel, and such fees and necessary expenses as they may have to expend in reclaiming and transporting the fugitive. Their claims are to be allowed by the governor, and paid by the treasurer upon the warrant of the auditor. If it be conceded that the duty of the governor in the allowance of such claims is purely ministerial, and that the performance of the same can be enforced by *mandamus*, still he can not be regarded as in default for refusing to allow a claim which embraces any illegal or unauthorized charge.

In the account of the appellant one of the items is for "fees paid assistant secretary of state of Kentucky for commission and requisition, four dollars." We have been unable to find any statute authorizing the assistant secretary of state to exact from the agents of the state any such fees, and the appellant could not by paying such to that officer create a charge to the amount of the same in his favor against the commonwealth. The fees authorized by the act to be paid by the agent are such as can be lawfully collected by the officers of the state in which the fugitive may be arrested. It follows therefore, as the entire claim presented by the appellant was not authorized by law to be paid, that the governor properly refused to allow it.

Wherefore the judgment of the court below dismissing the petition for the *mandamus* must be affirmed.

TO APPELLANT'S PETITION FOR A REHEARING JUDGE LINDSAY DELIVERED THE FOLLOWING RESPONSE OF THE COURT:

By a petition for a rehearing in this cause appellant insists that the question of the ultimate liability of the state to him for such fees as are legal shall be determined upon this appeal.

Upon the face of the warrant appointing appellant agent for the commonwealth to proceed to Missouri and reclaim the fugitive, Hall, the governor caused to be written, "This arrest to be made free of charge to state of Kentucky."

It was conceded that Booker was apprised of this condition, and voluntarily accepted the appointment with full knowledge of the same. In fact, it appears that he was appointed .at his own request, and that he freely undertook to perform the duties contemplated free of charge to the state.

It was within the discretion of the governor to refuse to take steps for the reclamation of the fugitive, and it seems that, for satisfactory reasons, he had determined to do so. Booker by his agreement to accept the appointment of agent, and discharge his duties as such without compensation, induced the executive to abandon his original determination.

Such being the case, it seems to us that in good morals the appellant is estopped from claiming against the terms of his own voluntary agreement.

It is true the fees of such agents are fixed by law, and that the governor can not interfere with the execution of the laws; but the party beneficially interested may waive his right to claim such fees; and as he has made the waiver upon a consideration neither vicious in itself nor in this instance contrary to public policy, the courts of the country will not compel the governor to assist him in the violation of a contract made at his own instance, in order that he may be able to collect from the state fees which in good conscience he ought not to claim.

Petition overruled.